57 N.J. Super. 233 (1959)
154 A.2d 446
IN THE MATTER OF THE ESTATE OF FLORENCE E. LINDEN, DECEASED.
Superior Court of New Jersey, Essex County Court, Probate Division.
Decided September 21, 1959.
*234 Mr. Charles J. Kehoe, Deputy Attorney General, for the State of New Jersey (Mr. David D. Furman, Attorney General, attorney).
Messrs. Milton M. and Adrian M. Unger, attorneys for John H. Devine (Mr. Adrian M. Unger, of counsel).
Messrs. Smith, Slingerland, Trauth & Holtz, attorneys for The Howard Savings Institution, executor of the estate of Florence E. Linden (Mr. Elmer F. Holtz, of counsel).
CONKLIN, J.C.C.
Florence E. Linden prepared a will, but, inasmuch as the beneficiary predeceased her, she died intestate on the fifth day of July 1955. Upon application for distribution the State of New Jersey contended that the deceased left no heirs and those claiming had no rightful claim. This court determined after hearing that the property did not escheat but went by the laws of intestacy to the estate of Cyril J. Greene, deceased. As Greene's executor and sole beneficiary, John H. Devine received decedent's residuary estate. This hearing was contested, and the State did appear through the Attorney General. There was no action started under N.J.S. 2A:37.
Application is now made for the payment of a counsel fee of $250 to the Attorney General for legal services rendered in the contest of the intestacy hearing.
Inasmuch as there is a fund in court over which the court has jurisdiction, the court in its discretion may make allowance for counsel fees out of such a fund. R.R. *235 4:55-7(b). State v. Otis Elevator Co., 12 N.J. 1 (1953). The application for counsel fees made by the Attorney General must be considered in the light of N.J.S.A. 52:17A-10, which states in part:
"No member of the Department of Law shall receive any compensation, fees or costs in addition to his regular salary for or by reason of any service performed by him for the State or for any political subdivision thereof except by allowance or appropriation by the Legislature, and any additional compensation, fees or costs so payable to or received by any member of the Department of Law, not so allowed or appropriated, shall be paid to the State Treasurer for the use of the State; * * *." [Emphasis added.]
Although this statute would proscribe payment of any fees to the individual counsel who represented the State in this matter, the statute does provide for payment to the State Treasury of any fees which in the court's discretion it may award to it.
The question then is not whether it is permissible for the court to award counsel fees to the State, but whether the court in its discretion should make such an award.
The court in resolving this problem adopts the policy expressed in In re Katz' Estate, 40 N.J. Super. 103 (Ch. Div. 1956), to the effect that when the Attorney General merely pursues his delegated duty to concern himself with legal affairs affecting the public interest, the public should bear the expense through salary appropriations by the Legislature, and no allowance of fees should be made to the State from funds belonging to a private individual.
This expression of policy in Katz, where the Attorney General was representing a charitable trust, is no less applicable to the instant situation where the Attorney General unsuccessfully contended that the Linden estate was subject to escheat. In Katz the public interest was the charitable nature of the estate, and here the public interest was associated with the possibility of the estate's escheating to the State government for the use of the public.
*236 The fact that the court found that the estate was found not subject to escheat does not alter the nature of the services rendered by the Attorney General as is contended in his brief. At the time the services were performed, the Attorney General was acting on behalf of the interest which the public has in funds which may escheat to its benefit. It is tenuous to argue that the Attorney General's interest is converted from one of a public nature to a private one, depending on the degree of merit of his claims. An acquittal in a criminal action does not retroactively change the interest of the prosecutor from a public one to a private one.
It is suggested that the court in exercising its discretion in awarding counsel fees should be influenced by N.J.S. 2A:37-28 which provides for the return of moneys which have escheated to the State if application is made by the rightful owner within two years. The statute specifically provides that "there shall first be deducted all expenses and charges that may have accrued or been paid out by reason of the entry of the original judgment."
It is true that in such situations the person who subsequently establishes a right to the money must bear the expenses of the original judgment, but this is only after all the procedural steps involved in obtaining a judgment of escheat have taken place and the money has reverted to the State Treasury as a result thereof. The statute makes no specific reference to counsel fees, and it is to be noted that N.J.S. 2A:37-23 provides that the original escheat proceedings shall be without costs to the parties, and counsel fees are imposed against a defendant only when the proceedings are defended without reasonable cause.
More troublesome is N.J.S. 2A:37-21 which states that:
"The superior court shall, in its final judgment, fix the fees and expenses of the attorney who shall have prosecuted the escheat in the said court. The fees and expenses shall be deducted from the moneys received by the state treasurer or from moneys realized by him from the sale of said personal property and shall be paid by him as directed by said judgment."
*237 From this statute it could be argued that in all matters relative to escheat the prosecutor, i.e., the Attorney General, is entitled to counsel fees. But such an argument would overlook the fact that the statute presupposes a final judgment in favor of the State. Its terms could not be applied where the prosecution of the escheat was unsuccessful. In the present matter, the property was found not to be subject to escheat. It must also be kept in mind that since this is not an actual escheat proceeding, none of the escheat statutes are directly applicable.
For the reasons stated above the application for counsel fees by the Attorney General in this matter is denied.